IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BETTLEYON,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | : Civ. No. 1:26-CV-267<br>:<br>:<br>:<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>:<br>: |

MEMORANDUM ORDER

I. Introduction

The *pro se* plaintiff, Troy Bettleyon, filed this action against the Commissioner of the Social Security Administration, challenging the denial of his application for benefits.[1] The defendant filed a copy of the administrative transcript on March 31, 2026, and the plaintiff's deadline to file a brief in support of his appeal was April 30, 2026.[2] The plaintiff failed to file a brief in support of his appeal, and so we granted the plaintiff an extension of time to file his brief, ordering that his brief be submitted on or before June 15, 2026.[3]

---

[1] Doc. 1.
[2] Doc. 10.
[3] Doc. 12.

The extended deadline for filing a brief has now passed, with no brief ever filed by the plaintiff. Accordingly, the plaintiff has failed to file a brief and respond to court orders or further prosecute this case, we believe that dismissal under Federal Rule of Civil Procedure 41(b) is warranted.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders.[4] Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion.[5] The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

---

[4] Fed. R. Civ. P. 41(b).

[5] *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted).

> entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[6]

In making this determination, "no single *Poulis* factor is dispositive."[7] Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute.[8] As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case."[9]

Here, an analysis of these factors leads us to conclude that this case should be dismissed. While there is nothing on the record to suggest that the plaintiff has acted in bad faith, it is difficult to discern the meritoriousness of the plaintiff's claims, since he failed to file a brief in support of his appeal. Having undertaken a review of the ALJ's decision without the benefit of the plaintiff's brief, we note that the ALJ found that Bettleyon suffered from several severe physical impairments, but

---

[6] *Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).
[7] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).
[8] *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).
[9] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

that he could perform a range of light work.[10] The ALJ's decision indicates that he considered Bettleyon's testimony and the relevant medical records, including all of the opinion evidence in the record that indicated Bettleyon could perform either light or medium-exertional work, and the ALJ limited Bettleyon to a limited range of light work, finding that he could perform the occupations of a marker, cleaner, and small products assembler.[11] Thus, our review of the ALJ's decision indicates that the decision to deny benefits was supported by substantial evidence.

Further, it is clear that it is the plaintiff's responsibility to prosecute this case. The plaintiff's failure to prosecute, coupled with our review of the ALJ's decision which is supported by substantial evidence leads us to conclude that that Bettleyon's claim lacks merit and this case should be dismissed.[12]

---

[10] Doc. 10, Tr. 14-20.
[11] *Id.*, Tr. 18-20.
[12] *See Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858-59 (3d Cir. 2012) (affirming the district court's decision to dismiss the plaintiff's appeal for failure to prosecute when the district court also concluded the ALJ's decision was supported by substantial evidence).

## III. Order

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE due to the plaintiff's failure to prosecute this case.

So Ordered this 10th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge